IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA M. MAGNI,                :

          Plaintiff,      :

    v.                  :   3:15-CV-1177
                       :   (JUDGE MARIANI)
TIMES-SHAMROCK        :
COMMUNICATIONS, et al.,    :

        Defendants.   :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's "Motion to Amend Complaint" (Doc. 30). For the reasons that follow, the Court will grant the Motion.

### II. PROCEDURAL HISTORY

Plaintiff initiated this case in the Lackawanna County Court of Common Pleas and amended her Complaint once while proceedings were still pending in state court. (*See* State Court Amended Complaint, Doc. 1, Ex. 27). Defendants jointly removed the matter to federal court on June 15, 2015. (Notice of Removal, Doc. 1). Defendants Times-Shamrock Communications, W. Scott Lynett, George V. Lynett, Jr., Robert J. Lynett, Matthew E. Haggerty, The Citizens' Voice, The Standard Speaker, and James Halpin (hereinafter "the Times Defendants") filed their Answer on June 22, 2015 (Doc. 6). The remaining Defendants, Luzerne County, Robert C. Lawton, and Brian Swetz (hereinafter "the County

Defendants"), filed a Motion to Dismiss the State Court Amended Complaint, also on June

22, 2015 (Doc. 5).   Thereafter, Plaintiff filed another Amended Complaint, which was its first

amendment before this federal Court.  (First Amended Complaint in Federal Court

(hereinafter "Amended Complaint"), Doc. 11).  The Court dismissed the County Defendants'

Motion to Dismiss as moot via Order on July 21, 2015 (Doc. 19).  Subsequently, the Times

Defendants filed an Answer to the Amended Complaint on July 22, 2015 (Doc. 20), while

the County Defendants filed a Motion to Dismiss on July 27, 2015 (Doc. 21).  That Motion

remains pending before the Court.

On January 29, 2016, prior to the March 1, 2016 deadline for filing motions to amend

the pleadings, (see Case Management Order, Doc. 26), Plaintiff filed a "Motion to Amend

Complaint" (Doc. 30).  Plaintiff seeks to add a constitutional claim against the County

Defendants for an alleged "stigma-plus" due process violation.  The Times Defendants

concurred in the Motion, but the County Defendants did not.  (Cert. of Concurrence, Doc.

30, Ex. 3).  Subsequently, the County Defendants filed a Brief in Opposition to Plaintiff's

Motion to Amend on February 10, 2016 (Doc. 33).  The Plaintiff filed a Brief in Support of

the Motion of February 12, 2016 (Doc. 34).  The Motion is now ripe for review.

## III. STANDARD OF REVIEW

A party may amend its pleading with leave of court.  The Court should "freely give"

such leave "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has

described this rule as follows:

> [Rule 15(a)(2)'s] mandate is to be heeded.  If the underlying facts or
> circumstances relied upon by a plaintiff may be a proper subject of relief, he
> ought to be afforded an opportunity to test his claim on the merits, in the
> absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, futility of
> amendment, etc.—the leave sought should, as the rules require, be "freely
> given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted); *see also Arthur v.*

*Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Among the factors that may justify denial of

leave to amend are undue delay, bad faith, and futility.").  The Third Circuit has "consistently

recognized, however, that 'prejudice to the non-moving party is the touchstone for the denial

of an amendment.'"  *Id.* (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

## IV. ANALYSIS

In light of the foregoing standards, the Court finds that leave to amend is appropriate

here.  The County Defendants have advanced only one argument as to why the Motion to

Amend should be denied, claiming that allowing amendment to include a "stigma-plus" due

process claim would be futile.  (Defs.' Br. in Opp., Doc. 33 at 5).

### A. Standard for Evaluating Futility of Amendment

A Motion for Leave to Amend may be denied on grounds of "futility" if "the complaint,

as amended, would fail to state a claim upon which relief could be granted."  *Shane v.*

*Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*,

114 F.3d 1410, 1434 (3d Cir. 1997)).  "In assessing 'futility,' the District Court applies the

3

same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citing *Burlington*,

114 F.3d at 1434). The 12(b)(6) standard is as follows:

> A complaint must be dismissed under Federal Rule of Civil Procedure
> 12(b)(6) if it does not allege "enough facts to state a claim to relief that is
> plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
> "A claim has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's obligation to provide the
> 'grounds' of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of a cause of action's elements will not
> do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). In
> other words, "[f]actual allegations must be enough to raise a right to relief
> above the speculative level." *Id.* A court "take[s] as true all the factual
> allegations in the Complaint and the reasonable inferences that can be drawn
> from those facts, but ... disregard[s] legal conclusions and threadbare recitals
> of the elements of a cause of action, supported by mere conclusory
> statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223,
> 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

>> Twombly and Iqbal require [a court] to take the following three steps to
>> determine the sufficiency of a complaint: First, the court must take note
>> of the elements a plaintiff must plead to state a claim. Second, the
>> court should identify allegations that, because they are no more than
>> conclusions, are not entitled to the assumption of truth. Finally, where
>> there are well-pleaded factual allegations, a court should assume their
>> veracity and then determine whether they plausibly give rise to an
>> entitlement for relief.

> *Connelly v. Steel Valley Sch. Dist*, 706 F.3d 209, 212 (3d Cir. 2013).

> "[W]here the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged—but it has not
> show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal
> citations and quotation marks omitted). This "plausibility" determination will

4

be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Rink v. Northeastern Educational Intermediate Unit 19*, Civ. No. 14-2154, 2015 WL

9026241, at *2-3 (M.D. Pa. Dec. 15, 2015).

## B. Plaintiff's Amendment is Not Futile

The County Defendants advance a very narrow argument with respect to why

Plaintiff's stigma-plus due process claim fails to pass the test of legal sufficiency.  According

to the County Defendants' "a plaintiff must establish that he or she requested a name-

clearing hearing in order to sustain a stigma plus claim." (*Id*. at 6).  Because Plaintiff has

not so alleged in the proposed Second Amended Complaint (Doc. 30, Ex. 1), the County

Defendants believe her request to amend is futile.  (Doc. 33 at 7-8).  The County

Defendants recognize that "the Third Circuit has not ruled on whether a plaintiff must

request a name-clearing hearing to establish a stigma plus claim." (*Id*. at 5).  The Court

agrees with this proposition.  Specifically, in *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d

Cir. 2006), in holding that the Plaintiff in that case stated a claim for a deprivation of a liberty

interest in his reputation without process, the Third Circuit noted that "[i]t [wa]s not clear

from the complaint whether Hill requested any sort of name-clearing hearing, but we have

not held that he was required to do so." *Hill*, 455 F.3d at 239 n.19 (citing *Ersek v. Twp. of

Springfield*, 102 F.3d 79, 84 n.8 (3d Cir. 1996)).  Courts in the Middle District of

Pennsylvania have subsequently declined to require plaintiffs to request a name-clearing

hearing in order to be successful in their claims for stigma-plus due process violations.  *See*

5

*Erb V. Borough of Catawissa*, 749 F. Supp. 2d 244, 251 (M.D. Pa. 2010) (Conaboy, J.) ("A

plaintiff's failure to request such a hearing is not fatal to his claim."); *Smith v. Borough of*

*Dunmore*, No. 3:05-CV-1343, 2011 WL 4458787, at *6 (M.D. Pa. Sept. 23, 2011) (Caputo,

J.) *aff'd*, 516 F. App'x 194 (3d Cir. 2013) ("A plaintiff need not request the name-clearing

hearing in order to assert his claim.").

However, the County Defendants argue that "the weight of Circuit authority

addressing this issue," as well as the conclusions of a "majority of district courts in

Pennsylvania" counsel in favor of requiring Plaintiff to establish that she requested a name-

clearing hearing so that her stigma-plus due process claim is not futile.  (Doc. 33 at 6-7).  As

the County Defendants' rightly point out, "this Court is not bound by a decision of a fellow

District Court Judge."  (*Id.* at 7) (quoting *EEOC v. United States Steel Corp.*, 877 F. Supp.

2d 278, 292  (W.D. Pa. 2012).  Additionally, the conclusions of the Third Circuit's sister

circuits are persuasive, rather than controlling, authority.  Thus, whether a Plaintiff must

allege that she requested a name-clearing hearing is an undecided question in the Third

Circuit, and, as a court in the Western District of Pennsylvania recently concluded with

respect to the same issue, the Court need not analyze Defendants' argument further:

> There remains the argument that even if Mr. Fouse plausibly pled both the
> "stigma" and "plus" elements, his claim should still be dismissed because the
> only permissible remedy in a stigma-plus action is a name-clearing hearing,
> and that failure to request such a hearing should bar the claim.
>
> The Court need not analyze this argument at length.  The question of whether
> a nameclearing hearing is the only appropriate relief for such a claim has not
> yet been squarely decided by the Third Circuit, *Hill*, 455 F.3d at 236 n. 15

("We have not in the past decided-and do not have occasion to decide here-whether a plaintiff who prevails on a 'stigma-plus' claim may be entitled to remedies other than a name-clearing hearing."), nor has the issue of whether a plaintiff needs to have requested such a hearing in order to warrant even that remedy, *Kahan v. Slippery Rock Univ. of Pa.,* —— F.Supp.3d ——, No. 12–407, 2014 WL 4792170, at *41 n. 10 (W.D. Pa. Sept. 24, 2014) (collecting cases standing for both sides of the argument), *reconsideration denied sub nom. Kahan v. Slippery Rock Univ. of Pa.,* No. 12–407, 2014 WL 7015735 (W.D. Pa. Dec.11, 2014); . . . . At the same time, our Court of Appeals has pretty heavily hinted that the answer to each question is "no,"[1] and in light of that, this Court is hesitant to dismiss the claim at this stage on these grounds without pronounced precedential authority requiring that result. *See also Andrekovich v. Chenoga,* No. 11–1364, 2012 WL 3231022, at *9 n. 3 (W.D. Pa. Aug. 6, 2012) ("Whether plaintiff ultimately can recover any one or more [of] his alleged damages under such circumstances is best determined if and when it becomes necessary to do so after full development of the record. Similarly, defendants' attempt to find shelter in the fact that plaintiff does not allege that he demanded a name-clearing hearing is wide of the mark. Plaintiff is not required to do so.") (citing *Ersek,* 102 F.3d at 84 n. 8; *Hill,* 455 F.3d at 239 n. 19).

*Fouse v. Beaver Cty.,* No. 2:14-CV-00810, 2015 WL 1967242, at *7 (W.D. Pa. May 1, 2015) (some internal citation omitted). Given this, the Court will not peremptorily cut off Plaintiff's ability to proceed on a stigma-plus due process claim where she has not alleged that she requested a name-clearing hearing and the Third Circuit has expressly declined to say that she must. *See Hill,* 455 F.3d at 239 n.19.

---

[1] As authority for this proposition, the *Fouse* court offered the following footnote: "*See Graham v. City of Phila.,* 402 F.3d 139, 143 n. 3 (3d Cir.2005) ("[D]amages might be available [in a stigmaplus case] because a name-clearing hearing might not always 'cure all the harm caused by stigmatizing government comments.'") (quoting *Ersek,* 102 F.3d at 84 n. 6); *see also Hill,* 455 F.3d at 239 n. 19 ("It is not clear from the complaint whether Hill requested any sort of name-clearing hearing, but we have not held that he was required to do so.")." *Fouse,* 2015 WL 1967242, at *7 n. 15 (W.D. Pa. May 1, 2015).

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Its Complaint (Doc. 30) is **GRANTED.**

Robert D. Mariani
United States District Judge