## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

DONNA M. MAGNI,                 :
                           :

    Plaintiff,               :
                           :

                           :

      v.                  : (Hon. Robert D. Mariani)
                           :

TIMES SHAMROCK COMMUNICATIONS, :
W. SCOTT LYNETT, GEORGE V. LYNETT, :
JR., ROBERT J. LYNETT, MATTHEW E.  :
HAGGERTY, THE CITIZENS' VOICE,    :
THE STANDARD SPEAKER, LUZERNE   :
COUNTY, ROBERT C. LAWTON, BRIAN  :
SWETZ and JAMES HALPIN,         :
                           :

    Defendants.         : No.: 3:15-CV-01177-RDM

## BRIEF IN SUPPORT OF DEFENDANTS LUZERNE COUNTY,
## ROBERT C. LAWTON AND BRIAN SWETZ'S
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Respectfully submitted,

/s/Mark W. Bufalino
John G. Dean
Mark W. Bufalino
**ELLIOTT GREENLEAF & DEAN**
39 Public Square, Suite 1000
Wilkes-Barre, Pa. 18701
(570) 371-5290

Attorneys for Defendants Luzerne County,
Robert C. Lawton and Brian Swetz

DATED:  December 8, 2017

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................iii

I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................1

    A.   Factual Background...........................................................................1

    B.   Procedural Background.......................................................................3

II.   ARGUMENT ...........................................................................................4

    A.   Standard. ...........................................................................................4

    B.   Defendants Are Entitled To Summary Judgment On Plaintiff's
        First Amendment Retaliation Claim. ...................................................5

        1.   Plaintiff Did Not Engage In Protected First Amendment
             Conduct. ..................................................................................5

        2.   No Causal Connection Exists Between Plaintiff's Report
             And Her Termination...............................................................10

        3.   Defendants Had A Legitimate And Non-Retaliatory Basis
             For Terminating Plaintiff's Employment. ...............................12

    C.   Defendants Are Entitled To Summary Judgment On Plaintiff's
        Procedural Due Process Claim...........................................................13

        1.   Plaintiff Was An At-Will Employee. .......................................13

        2.   Plaintiff Was An "Exempt Service" Employee. .......................19

        3.   Mr. Lawton and Mr. Swetz Are Entitled To Qualified
             Immunity On Plaintiff's Procedural Due Process Claim. ........24

             a.   Plaintiff's Right To Continued Employment Was
                 Not Clearly Established.....................................25

        b.    Mr. Lawton And Mr. Swetz Had A Reasonable
             Basis   To Believe Plaintiff Was An At-Will
             Employee.....................................................26

D.    Mr. Lawton and Mr. Swetz Are Entitled To Summary Judgment
      On Plaintiff's Defamation Claim. ........................................................27

        1.    Plaintiff Has Presented No Evidence Mr. Lawton or Mr.
             Swetz Made Defamatory Comments Regarding Plaintiff......27

        2.    Mr. Lawton and Mr. Swetz Are Immune From Liability.......29

        3.    Mr. Lawton and Mr. Swetz Are Entitled To High Public
             Official Immunity....................................................30

III.  CONCLUSION ..........................................................................................32

## TABLES OF AUTHORITIES

### Cases

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................4

Arnold v. AutoZone, Inc.,
    No. 13-1329, 2016 U.S. Dist. LEXIS 25759 (E.D. Pa. Mar. 2, 2016)..........28

Ballas v. City of Reading,
    No. 00-2943, 2001 U.S. Dist. LEXIS 657 (E.D. Pa. Jan. 26, 2001) .............19

Balletta v. Spadoni,
    47 A.3d 183 (Pa. Commw. 2012).............................................................29, 30

Barnes v. Brown,
    No. 16-214, 2016 U.S. Dist. LEXIS 131098
    (E.D. Pa. Sept. 26, 2016) ....................................................................6, 7, 8, 9

Bell v. Butkovitz,
    No. 3265, 2017 Phila. Ct. Com. Pl. LEXIS 15
    (C.C.P. Phila. Feb. 21, 2017)..........................................................................32

Board of Regents v. Roth,
    408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) .................................20

Burns v. Pennsylvania Dep't of Corr.,
    642 F.3d 163 (3d Cir. 2011)............................................................................26

Clark v. Colwyn Borough,
    No. 12-3668, 2015 U.S. Dist. LEXIS 104272
    (E.D. Pa. Aug. 25, 2015) .........................................................................11, 13

DeFranco v. Wolfe,
    387 Fed. Appx. 147 (3d Cir. 2010) ...............................................................10

Evans v. Philadelphia Transp. Co.,
    418 Pa. 567, 212 A.2d 440 (1965).................................................................30

Factor v. Goode,
   149 Pa. Commw. 81, 612 A.2d 591 (1992)....................................................30

Farrell v. Planters Lifesavers Co.,
   206 F.3d 271 (3d Cir. 2000) ..........................................................................10

Feldman v. Lafayette Green Condo. Ass'n,
   806 A.2d 497 (Pa. Commw. 2002).................................................................27

Fiedler v. Shady Grove Reproductive Science Ctr., P.C.,
   No. 13-2737, 2014 U.S. Dist. LEXIS 96262 (M.D. Pa. July 16, 2014)........28

Fischer v. Transue,
   No. 04-CV-2756, 2008 U.S. Dist. LEXIS 64818
   (M.D. Pa. Aug. 22, 2008) ..............................................................................11

Frederick v. Barbush,
   No. 1:13-cv-00661, 2014 U.S. Dist. LEXIS 27229
   (M.D. Pa. March 4, 2014)................................................... 13, 15, 17, 25, 26

Garcetti v. Ceballos,
   547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006) ..............................6

Garcia v. Newtown Twp.,
   483 Fed. Appx. 697 (3d Cir. 2012)...................................................................10

Griffin v. Municipality of Kingston,
   453 Fed. Appx. 250 (3d Cir. 2011) ................................................................12

Gulick v. City of Pittston,
   995 F. Supp. 2d 322 (M.D. Pa. 2014) ............................................................12

Heller v. Fulare,
   454 F.3d 174 (3d Cir. 2006) ..........................................................................30

Hilborn v. Cordaro,
   No. 3:CV-06-0223, 2007 U.S. Dist. LEXIS 76879
   (M.D. Pa. Sept. 29, 2007)........................................................................18, 19

Hill v. Borough of Kutztown,
    455 F.3d 225 (3d Cir. 2006) ...........................................................................19

Holub v. Gdowski,
    802 F.3d 1149 (10th Cir. 2015) ..................................................................8, 9

Itri v. Lewis,
    281 Pa. Super. 521, 422 A.2d 591 (1980) .....................................................28

Jerri v. Harran,
    625 Fed. Appx. 574 (3d Cir. 2015) ................................................................6

Kazar v. Slippery Rock Univ.,
    No. 16-2161, 2017 U.S. App. LEXIS 2581 (3d Cir. Feb. 14, 2017) ......11, 12

Keslosky v. Borough of Old Forge,
    66 F. Supp. 3d 592 (M.D. Pa. 2014) ..............................................................5

Klein v. Weidner,
    729 F.3d 280 (3d Cir. 2013) ...........................................................................4

Kuzel v. Krause,
    658 A.2d 856 (Pa. Commw. 1995)................................................................29

Lane v. Franks,
    134 S. Ct. 2369, 189 L. Ed. 2d 312 (2014) ....................................................6

Lauren W. ex rel. Jean W. v. DeFlaminis,
    480 F.3d 259 (3d Cir. 2007).........................................................................10

Lindner v. Mollan,
    544 Pa. 487, 677 A.2d 1194 (1996).........................................................31, 32

Luciani v. City of Phila.,
    643 Fed. Appx. 109 (3d Cir. 2016) ..............................................................12

Magni v. Times Shamrock Communs.,
    No. 15-1177, 2017 U.S. Dist. LEXIS 2821  (M.D. Pa. Jan. 6, 2017)...........21

Mancini v. Northampton Cty.,
    836 F.3d 308 (3d Cir. 2016) ...........................................................17

McLaughlin v. Watson,
    271 F.3d 566 (3d Cir. 2001) ...........................................................25

Michalesko v. Freeland Borough,
    658 Fed. Appx. 105 (3d Cir. 2016) ...............................................11

Miller v. Clinton Cnty.,
    544 F.3d 542 (3d Cir. 2008) ...........................................................19

Montanez v. Thompson,
    603 F.3d 243 (3d Cir. 2010) ...........................................................25

Montgomery v. City of Philadelphia,
    392 Pa. 178, 140 A.2d 100 (1958)..............................................31, 32

Pearson v. Callahan,
    555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) ........................24, 25

Philadelphia v. Shanahan,
    121 Pa. Commw. 602, 550 A.2d 1388 (1988)...............................................23

Preston v. City of Oakland,
    No. 14-2022, 2015 U.S. Dist. LEXIS 96996 (N.D. Cal. July 23, 2015).........9

R.H.S. v. Allegheny Cnty. Dep't of Human Servs., Office of Mental Retardation,
    936 A.2d 1218 (Pa. Commw. 2007)..............................................29

Raimondi v. Wyoming Co.,
    No. 3:14-cv-1918, 2015 U.S. Dist. LEXIS 49414
    (M.D. Pa. April 15, 2015)............................................... 13, 15, 17, 18, 25, 26

Renk v. City of Pittsburgh,
    537 Pa. 68, 641 A.2d 289 (1994)..................................................29

Rink v. Northeastern Educ. Intermediate Unit,
    No. 14-2154, 2016 U.S. Dist. LEXIS 93141
    (M.D. Pa. July 18, 2016) ....................................................4, 10, 12

Saucier v. Katz,
    533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) ...........................24

Schneyder v. Smith,
    653 F.3d 313 (3d Cir. 2011) .........................................................................25

Sharp v. Johnson,
    669 F.3d 144 (3d Cir. 2012) .........................................................................24

Short v. Borough of Lawrenceville,
    548 Pa. 265, 696 A.2d 1158 (1997)..........................................................13, 14

Simcic v. Pittsburgh Water & Sewer Auth.,
    No. 13-802, 2013 U.S. Dist. LEXIS 163746 (W.D. Pa. Oct. 23, 2013) .......19

Smith v. Cnty. of Lehigh,
    No. 2008-4994, 2009 Pa. Dist. & Cnty. Dec.
    LEXIS 686  (C.C.P. Lehigh Feb. 27, 2009) ..................................................18

Syngy, Inc. v. Scott-Levin, Inc.,
    51 F. Supp. 2d 570 (E.D. Pa. 1999)..............................................................28

Tanzosh v. InPhoto Surveillance,
    No. 05-1084, 2008 U.S. Dist. LEXIS 76022 (M.D. Pa. Sept. 26, 2008) ......28

Young v. Twp. of Irvington,
    629 Fed. Appx. 352 (3d Cir. 2015) ...........................................................5, 6

**Statutes**

2 Pa.C.S. §553...............................................................................................13

42 Pa. C.S. § 1983............................................................................................3

42 Pa. C.S. § 8343(a) .....................................................................................27

42 Pa. C.S.A. § 8545......................................................................................29

Defendants Luzerne County (the "County"), Robert C. Lawton ("Mr. Lawton" or the "County Manager") and Brian Swetz ("Mr. Swetz")(collectively, "Defendants"), by and through their undersigned counsel, hereby submit their brief in support of Defendants' motion for summary judgment ("Defendants' motion").

# I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

## A.   Factual Background.

Plaintiff Donna Magni ("Plaintiff") was hired by the County as Deputy Director/Deputy Chief of Budget and Financial Services on March 7, 2011. (See Defendants' Statement of Undisputed Material Facts, Doc. No. 91, ("SMF"), ¶ 22). Mr. Swetz was hired by the County as a senior accountant in March 2013. (See id. at ¶ 13). In or about June 2013, after the County's Director of Budget and Financial Services left his employment with the County, then-County Manager, Mr. Lawton, designated Mr. Swetz as the County's Interim Director of Budget and Financial Services. (See id. at ¶ 14).[1]

Once Mr. Swetz's ninety (90) day term as Interim Director expired in September 2013, Mr. Lawton designated Plaintiff as the Interim Director of Budget and Financial Services. (See SMF, ¶ 15). Plaintiff's term as Interim Director of

---

[1]     Pursuant to the terms of the County's governing Home Rule Charter (the "Charter"), an individual could not serve as an interim division head for more than ninety (90) days in a calendar year. (See id.; see also Exhibit "1" to Defendants' Appendix of Exhibits in support of Defendants' motion, Doc. No. 86 ("Defendants' Appendix") at § 4.08(C)).

Budget and Financial Services lasted from approximately September 10, 2013 until December 10, 2013. (See id. at ¶ 16). Mr. Swetz was ultimately nominated by Mr. Lawton to be the Director of Budget and Financial Services and that nomination was approved by County Council in late January 2014. (See id. at ¶ 17).

During the course of Plaintiff's employment with the County, problems with Plaintiff's work performance were documented by Mr. Swetz. (See id. at ¶ 18). Additionally, during Plaintiff's term as Interim Director of Budget and Financial Services, Plaintiff was "told just to focus on payroll and payroll related items" and she needed to "focus entirely on the county's payroll operation." (Id. at ¶ 27; see also Exhibit "9" to Defendants' Appendix). Plaintiff's job responsibility included "ensur[ing] the timely and accurate completion of W2 forms" for County employees. (SMF, ¶ 31; see id. at ¶ 30).

On January 31, 2014, the County issued 1,652 W-2s and a significant number of those W-2s were inaccurate. (See id. at ¶ 32). Plaintiff was aware of inaccuracies with at least some W-2s prior to their issuance. (See id. at ¶ 33). Plaintiff was terminated on January 31, 2014 following the issuance of the inaccurate W-2s. (See id. at ¶¶ 34, 40).

### B.    Procedural Background.

Plaintiff instituted this action in the Luzerne County Court of Common Pleas. (See docket, generally).  Plaintiff ultimately filed an amended complaint in the Court of Common Pleas which, for the first time, purported to raise a First Amendment claim pursuant to 42 U.S.C. § 1983. (See Doc. 1, ¶ 8).   In response, Defendants, along with Times Shamrock Communications, W. Scott Lynett, George V. Lynett, Jr., Robert J. Lynett, Matthew E. Haggerty, The Citizens' Voice, The Standard Speaker and James Halpin[2] filed their joint notice of removal. (See docket, generally).

After removal, Plaintiff filed a seconded amended complaint. (See Doc. 11, generally).   Plaintiff was subsequently granted leave to file a third amended complaint, which she filed on March 15, 2016.   (See Doc. 37, generally). Defendants moved to dismiss the third amended complaint in its entirety. (See Doc. 47, generally).  On January 30, 2017, this Court granted in part and denied in part Defendants' motion to dismiss the third amended complaint. (See Doc. 58, generally).  Specifically, this Court dismissed Plaintiff's wrongful discharge and stigma-plus claims.  (Id.).  As such, the following causes of action in the third amended complaint remain pending: (1) Count 2 – defamation against Mr. Lawton and Mr. Swetz; (2) Count 3 – First Amendment retaliation against Defendants; and

---

[2]     These individuals and entities are no longer parties to this action. (See Doc. 66, generally).

(3) Count 4 – deprivation of procedural due process against Defendants. (See id.; see also Doc. 37, generally). Defendants now seek summary judgment on all claims remaining in this action. (See Defendants' motion, Doc. No. 89, generally).

## II. ARGUMENT

### A. Standard.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Klein v. Weidner, 729 F.3d 280, 283 (3d Cir. 2013). Pursuant to this standard, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)(emphasis in original).

The standard for summary judgment is well-established. See, e.g., Rink v. Northeastern Educ. Intermediate Unit, No. 14-2154, 2016 U.S. Dist. LEXIS 93141, at **19-21 (M.D. Pa. July 18, 2016). Applying the standard as stated by Your Honor in Rink, Defendants' motion for summary judgment should be granted.

**B.     Defendants Are Entitled To Summary Judgment On Plaintiff's First Amendment Retaliation Claim.**

Count 3 of the third amended complaint is governed by the three-step analysis utilized in evaluating a claim by a public employee, such as Plaintiff, that she was retaliated against for engaging in protected First Amendment activity. See Keslosky v. Borough of Old Forge, 66 F. Supp. 3d 592, 608 (M.D. Pa. 2014).

> First, plaintiff must establish the activity in question was protected. For this purpose, the speech must involve a matter of public concern. Once this threshold is met, plaintiff must demonstrate his interest in the speech outweighs the state's countervailing interest as an employer in promoting the efficiency of the public services it provides through its employees.
>
> If these criteria are established, plaintiff must then show the protected activity was a substantial or motivating factor in the alleged retaliatory action. Lastly, the public employer can rebut the claim by demonstrating it would have reached the same decision even in the absence of the protected conduct.

Id.

**1.     Plaintiff Did Not Engage In Protected First Amendment Conduct.**

A public employee's speech is protected by the First Amendment if: "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." Young v. Township of

Irvington, 629 Fed. Appx. 352, 357 (3d Cir. 2015).   Significantly, "[p]ublic employees who speak pursuant to their official duties do not speak as citizens, and such speech is thus not protected by the First Amendment." Barnes v. Brown, No. 16-214, 2016 U.S. Dist. LEXIS 131098, at *17 (E.D. Pa. Sept. 26, 2016)(citing Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)). "While the Supreme Court has not created a comprehensive framework for determining whether speech was made pursuant to an employee's official job duties," the Garcetti Court emphasized that it is a "practical inquiry" and a court "must consider the responsibilities the employee undertook when the employee 'went to work and performed the tasks he [or she] was paid to perform.'" Id. at **17-18 (quoting Garcetti, 547 U.S. at 422, 424-25). "A court must also consider the manner of the speech, more so than its subject matter, and 'specifically whether the plaintiff [was] expected, pursuant to [his or her] job duties, to make the speech that is at issue.'" Id. at *18 (quoting Jerri v. Harran, 625 Fed. Appx. 574, 580 (3d Cir. 2015)). "Speech that was merely related to an employee's official duties, on the other hand, may be protected if making the speech itself was not ordinarily within the scope of the employee's duties." Id. (quoting Lane v. Franks, __ U.S. __, 134 S. Ct. 2369, 2379, 189 L. Ed. 2d 312 (2014)). However, "[c]omplaints up the chain of command are within an employee's official duties if the complaints are about issues related to an employee's workplace duties." Id. at *20.

Plaintiff's First Amendment retaliation claim is predicated on a report she gave at a County Council meeting in Butler Township in October 2013. (See Doc. 37, generally; see also SMF, ¶ 20). According to Plaintiff, she attended that meeting after asking Mr. Lawton if she should go and he responded that it "would be a good idea if you went." (Id. at ¶ 22). Following a statement by the former County controller at that meeting, Mr. Lawton stated that Plaintiff was "going to get up", and, as testified by Plaintiff "she went up as the interim director of budget and finance." (Id. at ¶ 23). Plaintiff is, therefore, unable to establish a First Amendment claim based on this speech because the report to County Council was made as a public employee and not as a citizen. (See id. at ¶¶ 20-25).

Plaintiff's speech here is similar to that found by the United States District Court for the Eastern District of Pennsylvania in Barnes to be part of the plaintiff's official duties. See Barnes, 2016 U.S. Dist. LEXIS 131098, at **19-29. There, the plaintiff alleged that she expressed concerns about Northampton County's I-9 compliance as a citizen and not pursuant to her duties as the county's director of human resources. See id. at *19. More particularly, the plaintiff argued that statements she made regarding I-9 compliance at a county cabinet meeting and in emails and meetings with her superiors were not part of her official duties. See id. at **24-29. The Barnes court disagreed, holding that the plaintiff's statements were within her job duties as she "came across an issue with how the County was

7

processing new employees and verifying their eligibility to work, which is precisely within the scope of what a human resource department handles." Id. at **24-25.   Indeed, such is "especially true of an employee serving as the organizational head of the department." Id. at *25.   Additionally, regarding the statements at the cabinet meeting, the court observed, among other issues, that the plaintiff was present at the meeting because she was a member of the cabinet and not as a county citizen. See id. at **26-27. The Barnes court further emphasized that the "audience of an employee's speech 'is an important consideration in determining whether speech is 'official' or 'citizen' speech." Id.  Thus, finding that "a public employer must be able to evaluate how a public employee in a management position like Barnes's chooses to raise and remedy such internal operating problems," the court concluded that the plaintiff's statements were made pursuant to her official duties and granted summary judgment in favor of the defendants. See id. at **27-29.

Similarly, in Holub v. Gdowski, 802 F.3d 1149, 1151 (10th Cir. 2015), the plaintiff, an internal auditor for a school district, alleged that she was terminated in violation of the First Amendment when she reported fraudulent budgeting practices to two school board members. Id.  The United States Court of Appeals for the Tenth Circuit disagreed, concluding that because the plaintiff's "responsibilities as an internal auditor for the District included discovering and reporting accounting

and budgeting issues, her comments to the Board members concerning her budget findings were made pursuant to her official duties and were not protected." Id.; see also Preston v. City of Oakland, No. 14-2022, 2015 U.S. Dist. LEXIS 96996, at *20 (N.D. Cal. July 23, 2015)("The Court finds that Preston was speaking as a public official, on official business.  She attended the City Council meeting as part of her job duties.  Preston was called to the microphone as a public official to discuss the contents of a meeting that she attended in her professional capacity. Although a reasonable juror could infer that Preston did contradict Santana, her speech at the City Council meeting owes its existence to her position with the city.").

Plaintiff's speech, as in Barnes, Holub and Preston, occurred pursuant to her official duties. (See SMF, ¶ 20-25).  More particularly, Plaintiff's speech occurred at a County Council meeting which she attended as the Interim Director of Budget and Financial Services, which was the organizational head of the department at the time, and after asking Mr. Lawton if she should attend same. (See id. at ¶¶ 10, 20-25).  Further, at that meeting, Plaintiff reported about the status of the County's finances to, inter alia, County Council and Mr. Lawton, the County Manager. (See id. at ¶¶ 20-25).  Plaintiff's speech up the chain of command that was made pursuant to her ordinary/official duties is, therefore, not protected.  See Barnes, 2016 U.S. Dist. LEXIS 131098, at **19-29; see also Holub, 802 F.3d at 1151.

9

Therefore, Defendants are entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

### 2. No Causal Connection Exists Between Plaintiff's Report And Her Termination.

In order to establish the requisite causal connection for a First Amendment retaliation claim, "a plaintiff usually must prove either (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." DeFranco v. Wolfe, 387 Fed. Appx. 147, 155 (3d Cir. 2010)(citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)). If a plaintiff cannot make this showing, then he "must show that from 'the evidence gleaned from the record as a whole' the trier of fact should infer causation." Id. (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)). As stated by Your Honor last year, "'[t]he showing of causation is critical. Summary judgment will be granted on a First Amendment retaliation claim when there 'is simply no basis in the evidence' to make the causal link.'" Rink, 2016 U.S. Dist. LEXIS 93141, at *24 (quoting Garcia v. Newtown Twp., 483 Fed. Appx. 697, 702 (3d Cir. 2012)).

The record fails to demonstrate an unusually suggestive time proximity between Plaintiff's report and her termination. (See SMF, ¶¶ 20-25, 34, 40). Plaintiff's report at the County Council meeting in Butler Township occurred on or about October 8, 2013. (See id. at ¶ 20). Plaintiff was not terminated by the

County until the issuance of the inaccurate W-2s on January 31, 2014 -- three (3).
Moths after the October 2013 County Council meeting.  (See id. at ¶¶ 34, 40).
Case law is clear that such a period is not unusually suggestive of retaliatory intent.
See, e.g., Fischer v. Transue, No. 04-CV-2756, 2008 U.S. Dist. LEXIS 64818, at
*31 (M.D. Pa. Aug. 22, 2008)(noting that Third Circuit precedent "suggest[s] that
the difference in time must be measured in days, rather than in weeks or months, to
establish causation on its own," and finding a "period of twenty-two days is too
lengthy to give rise to an inference of causation"); see also Kazar v. Slippery Rock
Univ., No. 16-2161, 2017 U.S. App. LEXIS 2581, at *10 (3d Cir. Feb. 14,
2017)(three months not unusually suggestive of retaliatory intent); Clark v. Colwyn
Borough, No. 12-3668, 2015 U.S. Dist. LEXIS 104272, at *35 (E.D. Pa. Aug. 25,
2015)("[t]he Third Circuit has found that to be 'unusually suggestive' the alleged
retaliatory act must occur within days of the protected conduct, not within
months.").

Plaintiff is also unable to establish causation through a pattern of antagonism.
(See SMF, generally).  Indeed, the record is devoid of **any** antagonistic conduct
towards Plaintiff by Defendants following her report to Butler Township.  (Id.).
See also Kazar, 2017 U.S. App. LEXIS 2581, at *12; see also Michalesko v.
Freeland Borough, 658 Fed. Appx. 105, 107 (3d Cir. 2016)(summary judgment
proper on First Amendment claim where there was no evidence of hostility);

11

Luciani v. City of Phila., 643 Fed. Appx. 109, 113 (3d Cir. 2016); Gulick v. City of

Pittston, 995 F. Supp. 2d 322, 336 (M.D. Pa. 2014).

And, finally, the record does not provide a basis for a reasonable finder of

fact to infer a causal connection between Plaintiff's report and her termination.

(See SMF, generally). Rather, the record reflects that Plaintiff was terminated

because of the inaccurately issued W-2s and other work performance issues. (See

id. at ¶¶ 18, 34, 40). Thus, as there is no evidence of record that Plaintiff's report

was causally related to her termination, summary judgment in favor of Defendants

on Plaintiff's First Amendment retaliation claim is warranted on this basis as well.

See Kazar, 2017 U.S. App. LEXIS 2581, at **12-13; Rink, 2016 U.S. Dist. LEXIS

93141, at **31-34.

### 3. Defendants Had A Legitimate And Non-Retaliatory Basis For Terminating Plaintiff's Employment.

Even if Plaintiff could establish the necessary elements of a First

Amendment retaliation claim -- which she cannot for reasons previously stated --

Defendants are still entitled to summary judgment because the County had a

legitimate reason for her termination. See Griffin v. Municipality of Kingston, 453

Fed. Appx. 250, 254 (3d Cir. 2011). There is no dispute that Plaintiff was

terminated the day hundreds of inaccurate W-2s were knowingly issued to County

employees by Plaintiff despite the fact that it was Plaintiff's sole responsibility to

ensure the accuracy of the W-2 forms.  (See SMF, ¶¶ 34, 40).  Defendants,

therefore, had a legitimate, non-retaliatory reason to terminate Plaintiff's

employment and Defendants are entitled to summary judgment on Plaintiff's First

Amendment claim.  See, e.g., Clark, 2015 U.S. Dist. LEXIS 104272, at *35.

**C.    Defendants  Are  Entitled  To  Summary  Judgment  On
Plaintiff's Procedural Due Process Claim.**

**1.    Plaintiff Was An At-Will Employee.**

Here, Plaintiff alleges that the terms of the County's Personnel Code (the

"Personnel Code") mandates the conclusion that Plaintiff was a "career service"

employee who could only be terminated for "just cause".  (See Doc. No. 37,

generally; see also Doc. No. 47 at pp. 6-7).  Plaintiff is wrong.  See Short v.

Borough of Lawrenceville, 548 Pa. 265, 696 A.2d 1158, 1159 (1997); see also

Frederick v. Barbush, No. 1:13-cv-00661, 2014 U.S. Dist. LEXIS 27229, **14-23

(M.D. Pa. March 4, 2014); see also Raimondi v. Wyoming Co., No. 3:14-cv-1918,

2015 U.S. Dist. LEXIS 49414, **6-14 (M.D. Pa. April 15, 2015).

In Short, the petitioner challenged her dismissal as the secretary and

treasurer of the Borough of Lawrenceville without a hearing pursuant to Local

Agency Law.[3]  See Short, 696 A.2d at 1158-1159.  In affirming the Borough of

---

[3]    2 Pa.C.S. §553.

13

Lawrenceville's dismissal of the petitioner, the Pennsylvania Supreme Court[4] specifically rejected the petitioner's argument that the Borough of Lawrenceville's employee personnel manual could be considered a contract guaranteeing a property right in employment. Id. Specifically, the Short Court stated:

> A local agency employee has a personal or property right in her employment where she can establish a legitimate expectation of continued employment through either a contract or statute. Werner v. Zazyczny, 545 Pa. 570, 681 A.2d 1331, 1336 (1996). Also, Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal since the power to confer tenure must be expressly set forth in the enabling legislation. Stumpp v. Stroudsburg Municipal Authority, 540 Pa. 391, 658 A.2d 333, 334-35 (1995). Moreover, an employee handbook or personnel manual issued by a Commonwealth agency is not a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided. Imdorf v. Public School Employees' Retirement System, 162 Pa. Commw. 367, 638 A.2d 502, 505 (1994).

Id. at 1159.

---

[4]     A property interest protected by the Fourteenth Amendment exists only if the plaintiff has a legitimate claim of entitlement to the interest. Id. at * 15. Property interests entitled to constitutional protection are created by other law, such as state law. Id. Under Pennsylvania law, property interests subject to constitutional protection arise in only three (3) ways:  (1) legislative action or authorization by the General Assembly; (2) contracts that grant protected status, such as employment tenure or welfare benefits; and (3) employment contracts permitting dismissal only for cause. Id. at ** 15-16.

In Frederick, the plaintiffs were employed by the Pennsylvania House of Representatives as security officers. See Frederick, 2014 U.S. Dist. LEXIS 27229 at * 1. Each of the plaintiffs was terminated for their respective roles in failing to discover and disclose the criminal record of one of the plaintiffs. Id. at ** 1-2. Relative to the plaintiffs' procedural due process claims, the plaintiffs contended that the Bipartisan Management Committee's personnel policies and procedures granted the plaintiffs the right to due process. Id. at ** 19-20. In rejecting the plaintiffs' procedural due process claims, this Court reaffirmed that (1) public employment in Pennsylvania is at-will unless the General Assembly has enacted legislation altering that status for particular positions, (2) Pennsylvania municipalities have no independent power to alter at-will status of their employees absent express legislative authority and (3) any attempt to alter an employee's status, including through personnel manuals, has no legal effect. Id. at ** 17-18.

Similarly, in Raimondi, this Court rejected the plaintiff's arguments that provisions of an employee handbook required "just cause" for her termination. See Raimondi, 2015 U.S. Dist. LEXIS 49414 at **12-13. Specifically, this Court stated:

Aware of her complaint's shortcomings, Raimondi contends discovery may reveal provisions in her employment handbook establishing that she was not an at-will employee, but rather could be fired for "just cause." Stated differently, Raimondi asserts that the handbook may act to override Pennsylvania's default rule of at-will employment and provide her with a legitimate entitlement to continued employment sufficient to have created a property interest in her job.

The Third Circuit Court of Appeals, however, addressed this specific issue and held that "absent explicit enabling legislation from the Pennsylvania General Assembly, a township . . . cannot employ workers on anything but an at-will basis." Elmore, 399 F.3d at 283. Moreover, the Pennsylvania Supreme Court has determined that any implied contractual provision in the personnel manual that called for "due process" in connection with the dismissal of any municipal employee does not create a property right under the Fourteenth Amendment. See Short v. Borough of Lawrenceville, 548 Pa. 265, 696 A.2d 1158 (1997) (per curiam) (stating that "Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal," nor can a "handbook or personnel manual issued by a Commonwealth agency [be considered] a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided.").

Id. Thus, even if Plaintiff was a career service employee pursuant to the Charter and the Personnel Code -- a proposition Defendants vehemently dispute for the reasons set forth below -- Plaintiff's procedural due process claim fails pursuant to applicable Pennsylvania law. Id.

Further, the Third Circuit's decision in <u>Mancini v. Northampton Cty.</u>, 836 F.3d 308, 314-315 (3d Cir. 2016) is distinguishable from the matter <u>sub judice</u>. <u>See</u> <u>Mancini</u>, 836 F.3d at 314-315. Unlike here, the Northampton County Home Rule Charter at issue in <u>Mancini</u> specifically provided that career service employees could only be terminated for "just cause". <u>See</u> <u>Mancini</u>, 836 F.3d at 315. In this matter, the Charter contains no such provision authorizing a limitation on employee discharge for "just cause" or otherwise providing County employees with a property interest in their employment. (<u>See</u> Exhibit No. 1 to Defendants' Appendix). The only reference to termination of career service employees for "just cause" is in the Personnel Code. (<u>See</u> Defendants' Appendix at Exhibit No. 2). However, in the context of §1983 procedural due process claims, as previously stated, this Court has echoed the holding in <u>Short</u> that Pennsylvania municipalities have no independent power to alter at-will status of their employees absent express legislative authority and that any attempt to alter an employee's status, including through personnel manuals, has no legal effect. <u>See</u> <u>Frederick</u>, 2014 U.S. Dist. LEXIS 27229 at **14-23; <u>see also</u> <u>Raimondi</u>, 2015 U.S. Dist. LEXIS 49414 at **6-14.

Although, Sections 7.01-7.03 of the Charter specifically provide for the adoption of the Personnel Code to govern employment matters, Section 7.03 of the Charter -- "Scope of Personnel Code" -- specifically limits the application of the

17

Personnel Code to, inter alia, County employees "[e]xcept as otherwise provided for in this Charter or applicable law". (See Defendants' Appendix at Exhibit No. 1 at Section 7.03)(emphasis added). This Court's decisions in Raimondi and Frederick, therefore, prohibit any interpretation of the Personnel Code which would alter Plaintiff's at-will employment. See Raimondi, 2015 U.S. Dist. LEXIS 49414 at **12-13; see also Frederick, 2014 U.S. Dist. LEXIS 27229 at **14-23.

This matter is similar to that presented to the court in Smith v. County of Lehigh, No. 2008-4994, 2009 Pa. Dist. & Cnty. Dec. LEXIS 686, at *4 (C.C.P. Lehigh Feb. 27, 2009). There, the County's home rule charter provided for the adoption of a personnel code that "that shall include policies and procedures for employee . . . discharge." Id. (alteration in original). In Smith, just like the matter sub judice, though, "the Charter does not limit discharge to be 'for cause' only." Id. The court thus found that the Charter did not provide Lehigh County employees with a property right in their employment. See id. at *5. The court explained that "[t]he language in question is statutory and, as such, is one of the exceptions to the presumption of at-will employment if there is 'express legislative language.'" Id. However, the Smith court emphasized that because the "Charter does not expressly use the language[ ] 'just cause' . . . there is no express legislative language that changes the standard from at-will employment, . . ." Id. at **5-6 (citations omitted); see also Hilborn v. Cordaro, No. 3:CV-06-0223, 2007

18

U.S. Dist. LEXIS 76879, at **16-18 n.9 (M.D. Pa. Sept. 29, 2007)(observing that provision of the county charter providing that an employee was "entitled to a written explanation why he was suspended and a hearing before an independent review board, however, does not create a reasonable expectation that he could be disciplined only for just cause."); accord Miller v. Clinton Cnty., 544 F.3d 542, 552 (3d Cir. 2008); Simcic v. Pittsburgh Water & Sewer Auth., No. 13-802, 2013 U.S. Dist. LEXIS 163746, at **16-19 (W.D. Pa. Oct. 23, 2013); Ballas v. City of Reading, No. 00-2943, 2001 U.S. Dist. LEXIS 657, at **9-10 (E.D. Pa. Jan. 26, 2001).

### 2.   Plaintiff Was An "Exempt Service" Employee.

Even if Plaintiff could overcome the applicable law that Plaintiff's employment with the County was at-will -- and she cannot -- the County's Charter, Personnel Code and Personnel Policy mandate the conclusion that Plaintiff was an "exempt service" employee. (See SMF, ¶ 2). To establish a procedural due process claim, a plaintiff must demonstrate that (1) she was deprived of a property interest and (2) the procedures afforded the plaintiff incident to that deprivation failed to comport with the requirements of due process. Hill v. Borough of Kutztown, 455 F.3d 225, 233-234 (3d Cir. 2006). A protected property interest exists only if the plaintiff has "a legitimate claim of entitlement" to the interest.

Board of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548

(1972).

Section 7.04 of the County's Charter states:

> **Section 7.04—Career Service, Exempt Service, and State Civil Service.** Each elective County Official and employee of Luzerne County shall be a member of the career service, exempt service, or part of the state civil service system.
>
> A.   The Personnel Code shall define the County positions to be included in the career service. The career service shall be designed to attract, appoint, and promote the best qualified individuals on the basis of a fair and open competitive process. The Personnel Code shall set forth the process by which employees in the career service shall be appointed and promoted on the basis of merit and fitness as demonstrated by valid and reliable examinations, other objective evidence of competence, and/or other relevant factors.
>
> B.   The exempt service shall consist of all elective County officials and certain policy-making and other positions filled outside the career service provisions as defined in the Personnel Code. Except for elective officials and any others serving fixed terms, those appointed to these positions shall serve at the pleasure of the person authorized to make the appointments. . . . .

(SMF, ¶ 2)(emphasis added).

The evidence of record establishes that the Deputy Director is a policy-making position under the Charter and qualifies as an "exempt service" position. (See SMF, generally). In particular, the Deputy Director of Budget and Financial

Services, who reports only to the Director of Budget and Financial Services in that department, has significant policy-making responsibilities, including, <u>inter alia</u>: (1) acting as the primary contact for internal and independent auditors; (2) assisting in budget preparations; (3) auditing payroll; (4) reviewing budget expenditures; (5) establishing procedures for the processing of financial transactions; and (6) supervisory responsibilities, such as oversight and review of staff. (<u>See</u> <u>id</u>. at ¶¶ 10-11). Moreover, as testified by Plaintiff, she had input into matters of importance in terms of the County's budget and finance office, and Plaintiff had some decision making authority as Deputy Director of Budget and Finance. (<u>See</u> <u>id</u>. at ¶ 12).[5]

Moreover, following passage of the Charter, the County adopted the Personnel Code. (<u>See</u> SMF, ¶¶ 3-4). Article 1002 of the Personnel Code provides:

> A.  The County "Career Service" shall be a permanent service to which the provisions of this article shall apply. It shall comprise all positions in the County Government now existing, or hereafter established, with the exception of those positions listed in Section 1002.01(B).

---

[5]    This evidence is consistent with the "considerable doubt" that this Court has previously expressed that Plaintiff's position as the County's "Chief Deputy of Budget and Finance" "could be anything other than exempt or at-will, . . ." <u>Magni v. Times Shamrock Communs.</u>, No. 15-1177, 2017 U.S. Dist. LEXIS 2821, at *16 (M.D. Pa. Jan. 6, 2017), <u>adopted</u> <u>by</u>, 2017 U.S. Dist. LEXIS 12402, at **2-4 (M.D. Pa. Jan. 27, 2017)(Mariani, J.).

> B.   "Exempt Service" positions shall consist of positions held by all elected officials, the County Manager, Chief Public Defender, Chief County Solicitor, Division Heads, Clerk of Council and other positions as promulgated under the Home Rule Charter. . . . Exempt Service positions other than elected positions shall be filled using a merit-based recruitment and selection process, with the clear intent of attracting well-qualified individuals on the basis of a fair and open competitive process.
> . . .

(Id. at ¶ 5).  The Personnel Code also states that "[e]xcept as the Charter provides, any dismissal, demotion to a lower-paid position, or suspension of any non-probationary employee without pay shall be for just-cause only. . . ." (Id. at ¶ 6).

Plaintiff has previously contended that pursuant to these provisions, she could only be terminated as the Deputy Director of Budget and Finance for just cause because that position is not included as an "exempt service" position in either the Charter or the Personnel Code.  (See Doc. 47, pp. 6-7).  Plaintiff's interpretation and reading of the Charter and Personnel Code are wrong.  (See id.).  First, as indicated, the Charter provides that "[t]he exempt service shall consist of all elective County officials and certain policy-making and other positions filled outside the career service provisions as defined in the Personnel Code. . . ." (SMF, ¶ 2).  Accordingly, under the Charter's clear terms, the "exempt service" includes certain County policy-making employees.  (See id.).

22

Second, the Personnel Code's definition of "exempt service" employees to include "other positions as promulgated under the Home Rule Charter" is inconsistent with the Charter's mandate that the "exempt service shall consist of all elective County officials and certain policy-making and other positions filled outside the career service provisions as defined in the Personnel Code." (SMF, ¶¶ 2, 5). The Charter compels that the Personnel Code identify the positions included in the "career service" as well as the policy-making and other positions exempted or excluded from the "career service." (See id.)(emphasis added). By failing to do so, the Personnel Code's "career service" and "exempt service" provisions violate the Charter and are invalid and void. See, e.g., Philadelphia v. Shanahan, 121 Pa. Commw. 602, 550 A.2d 1388, 1389 (1988)(ordinance adopted in violation of city charter was invalid).

The Personnel Code is also inconsistent with the Charter in another respect. More particularly, the Charter requires that the "exempt service" be comprised of all elective officials and "certain policy-making and other positions filled outside the career service provision as defined in the Personnel Code." (SMF, ¶ 2). Under the terms of the Personnel Code, though, every County employee with the exception of elected officials must be hired through a "merit-based recruitment and selection process." (Id. at ¶ 5). This provision requiring all non-elective County "exempt service" positions to be filled using a merit-based recruitment and

23

selection process is in clear violation of § 7.04 of the Charter, which defines "exempt service" to include "certain policy-making and other positions filled outside the career service provisions as defined in the Personnel Code." (Id. at ¶ 2).

### 3. Mr. Lawton and Mr. Swetz Are Entitled To Qualified Immunity On Plaintiff's Procedural Due Process Claim.

Assuming, arguendo, Plaintiff had a protected property interest in her position with the County as Deputy Director of Budget and Finance -- a point vehemently contested by Defendants -- Mr. Lawton and Mr. Swetz are nevertheless entitled to qualified immunity on Plaintiff's procedural due process claim.

"The qualified immunity doctrine 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012). "In Saucier v. Katz, [533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)], the Supreme Court established a two-part analysis for determining when qualified immunity is applicable; (1) whether the official's conduct violated a constitutional or federal right; and (2) whether the right at issue was 'clearly established.'" Id.; see also Pearson v. Callahan, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565

(2009)(relaxing the <u>Saucier</u> analysis by no longer requiring courts to determine the <u>Saucier</u> prongs in sequential order).

    a.    **Plaintiff's Right To Continued Employment Was Not Clearly Established.**

"A right is clearly established for qualified immunity purposes where its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" <u>Sharp</u>, 669 F.3d at 159. "The essential inquiry is whether a reasonable official in the defendant's position at the relevant time 'could have believed, in light of clearly established law, that [his or her] conduct comported with established legal standards.'" <u>McLaughlin v. Watson</u>, 271 F.3d 566, 571 (3d Cir. 2001). The clearly established prong "focuses on the official's actual situation, [and] the analysis must be undertaken in light of the specific context of the case, not as a general proposition . . . ." <u>Montanez v. Thompson</u>, 603 F.3d 243, 251 (3d Cir. 2010); <u>see also</u> <u>Schneyder v. Smith</u>, 653 F.3d 313, 329 (3d Cir. 2011)("Thus, the usual rule is that 'the right the official is alleged to have violated must have been clearly established in a more particularized, and hence, more relevant, sense . . . .").

For the reasons set forth above, Plaintiff's alleged property interest in her employment with the County was not clearly established. <u>See</u> <u>Raimondi</u>, 2015 U.S. Dist. LEXIS 49414 at **12-13; <u>Frederick</u>, 2014 U.S. Dist. LEXIS 27229 at

\*\*14-23. On the contrary, the only thing clearly established is that -- pursuant to Pennsylvania law -- Plaintiff was an at-will employee and that the County's Personnel Code cannot alter that status. See Frederick, 2014 U.S. Dist. LEXIS 27229 at \*\*14-23; see also Raimondi, 2015 U.S. Dist. LEXIS 49414 at \*\*6-14. Thus, Mr. Lawton and Mr. Parsnik are entitled to qualified immunity. See Frederick, 2014 U.S. Dist. LEXIS 27229 at \*\*14-23; see also Raimondi, 2015 U.S. Dist. LEXIS 49414 at \*\*6-14.

> **b.  Mr. Lawton And Mr. Swetz Had A Reasonable Basis To Believe Plaintiff Was An At-Will Employee.**

Here, the appropriate objective inquiry is whether a reasonable official in Mr. Lawton or Mr. Swetz's position based on the County's Charter, Personnel Code and Personnel Policy would have believed that Plaintiff had a property interest in her employment. See, e.g., Burns v. Pennsylvania Dep't of Corr., 642 F.3d 163, 179 (3d Cir. 2011). Significantly, as detailed previously, the terms of the Charter, Personnel Code and applicable law demonstrate that Mr. Lawton and Mr. Swetz are entitled to qualified immunity. (See SMF, ¶ 8). Additionally, the County's Personnel Policy states: "Employees of Luzerne County are employed on an at-will basis, and the County retains the right to terminate an employee at any time. . . ." (Id.)(emphasis added).

Based on the terms of the Charter, the Personnel Code, the Personnel Policy and applicable law, even if this Court were to conclude that Plaintiff had a property interest in her employment with the County -- a point which is adamantly disputed by Defendants -- Mr. Lawton and Mr. Swetz are entitled to qualified immunity because a reasonable official would have believed that Plaintiff's County employment was terminable at-will.  (See SMF, generally).

> **D.  Mr. Lawton and Mr. Swetz Are Entitled To Summary Judgment On Plaintiff's Defamation Claim.**
>
> > **1.  Plaintiff Has Presented No Evidence Mr. Lawton Or Mr. Swetz Made Defamatory Comments Regarding Plaintiff.**

To establish her defamation claim in Count 2 of the third amended complaint, Plaintiff bears the burden of proving: (1) the defamatory character of the communication; (2) its publication by Mr. Lawton or Mr. Swetz; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.  See 42 Pa. C.S. § 8343(a); see also Feldman v. Lafayette Green Condo. Ass'n, 806 A.2d 497, 500 (Pa. Commw. 2002). A plaintiff asserting a claim for defamation must demonstrate, among other things, the content of the defamatory oral or written statements, the identity of the persons

27

making such statements and the identity of the persons to whom the statements were made.   See Itri v. Lewis, 281 Pa. Super. 521, 422 A.2d 591, 592 (1980).

Here, Plaintiff's defamation claim is premised on statements in a February 4, 2014 newspaper article following Plaintiff's termination. (See Doc. 37, generally; see also SMF, ¶ 35).   That article notes that "County officials did not disclose the reason Deputy Chief of Budget and Finance Donna Magni was terminated," but the article adds that "sources" and "insiders" indicated that Plaintiff had a history of mistakes with county books and had "serious payroll issues."   (Id. at ¶ 35). Outside of Plaintiff's speculation as to the source of the purportedly defaming statements, there is no proof in the record that Mr. Lawton or Mr. Swetz made such statements. (See SMF, ¶¶ 39).   To the contrary, the record confirms that neither Mr. Lawton nor Mr. Swetz made such statements. (See id. at ¶¶ 37-38).   Thus, Plaintiff's claim fails because "[d]efamation plaintiffs must identify the communication at issue, including both its source and its substance." Fiedler v. Shady Grove Reproductive Science Ctr., P.C., No. 13-2737, 2014 U.S. Dist. LEXIS 96262, at *11 (M.D. Pa. July 16, 2014)(emphasis added); see also Arnold v. AutoZone, Inc., No. 13-1329, 2016 U.S. Dist. LEXIS 25759, at **51-53 (E.D. Pa. Mar. 2, 2016); Tanzosh v. InPhoto Surveillance, No. 05-1084, 2008 U.S. Dist. LEXIS 76022, at **24-25 (M.D. Pa. Sept. 26, 2008); Syngy, Inc. v. Scott-Levin, Inc., 51 F. Supp. 2d 570, 576 n.5 (E.D. Pa. 1999)(granting summary judgment on

defamation claim where the plaintiff offered no evidence that the defendant made the alleged statement).

### 2. Mr. Lawton And Mr. Swetz Are Immune From Liability.

Even if Plaintiff could establish a defamation claim -- which she cannot -- Mr. Lawton and Mr. Swetz are immune from liability on Plaintiff's defamation claim. See 42 Pa. C.S.A. § 8545. Section 8545 states:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

Id. If the court determines the alleged wrongful conduct falls within the scope of the local agency employee's duties, the court must then examine the plaintiff's complaint to determine if the alleged wrongful conduct constitutes willful misconduct within the meaning of 42 Pa. C.S.A. § 8550. See Balletta v. Spadoni, 47 A.3d 183, 195-96 (Pa. Commw. 2012).

For purposes of § 8550, "willful misconduct" means "willful misconduct aforethought" and is synonymous with "intentional tort." R.H.S. v. Allegheny Cty. Dep't of Human Servs., Office of Mental Retardation, 936 A.2d 1218, 1230 (Pa. Commw. 2007) (citing Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (1994); Kuzel v. Krause, 658 A.2d 856, 859 (Pa. Commw. 1995)). Willful

misconduct means the actor "desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." Id. (citing Evans v. Philadelphia Transp. Co., 418 Pa. 567, 212 A.2d 440, 443 (1965)); see also Balletta, 47 A.3d at 195-196.

Here, as previously stated, the record is devoid of any evidence that Mr. Lawton or Mr. Swetz made the purportedly defaming statements about Plaintiff. (See SMF, ¶¶ 37-39). Thus, Plaintiff is unable to demonstrate that Mr. Lawton or Mr. Swetz, as individuals, in any way acted with willful misconduct in order to bring about the result of her alleged defamation, or that they were aware it would occur. (See id.). As such, Mr. Lawton and Mr. Swetz are entitled to immunity on Plaintiff's defamation claim.

### 3.   Mr. Lawton And Mr. Swetz Are Entitled To High Public Official Immunity.

Lastly, Mr. Lawton and Mr. Swetz are entitled to high public official immunity on Plaintiff's defamation claim, as "[h]igh public officials" are immune from defamation claims under Pennsylvania law. See Heller v. Fulare, 454 F.3d 174, 177-180 (3d Cir. 2006); see also Factor v. Goode, 149 Pa. Commw. 81, 612 A.2d 591, 593-595 (1992). This immunity is "unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers

and are within the scope of his authority, or as it is sometimes expressed, his jurisdiction". Id. (citing Lindner v. Mollan, 544 Pa. 487, 677 A.2d 1194, 1195 (1996)). "High public official" status is delineated by the judiciary on a case-by-case basis and is dependent upon the nature of the official's duties, the importance of his office and, particularly, whether he has policy making authority. See Lindner, 677 A.2d at 1198; see also Montgomery v. City of Philadelphia, 392 Pa. 178, 140 A.2d 100, 105 (1958).

Mr. Lawton, the former County Manager, had the authority pursuant to the County's Home Rule Charter to terminate Plaintiff. (See SMF, ¶ 14; see also Exhibit "1" to Defendants' Appendix at § 4.07(A)). Additionally, as County Manager, Mr. Lawton had policy making authority and has sole discretion regarding, inter alia, the supervision, suspension, demotion or termination of employees. (See id.). Assuming the defamatory comments can be attributed to Mr. Lawton -- a proposition Defendants vehemently deny -- Mr. Lawton is a "high public official" and is, therefore, immune from Plaintiff's defamation claim. See Lindner, 677 A.2d at 1198; see also Montgomery, 140 A.2d at 105.

Similarly, Mr. Swetz is the County's Director of Budget and Financial Services and was Plaintiff's superior. (See SMF, ¶ 10). Like Mr. Lawton, Mr. Swetz's alleged actions in this matter were done in his official capacity as the County's Director of Budget and Financial Services. (Id.). Therefore, Mr. Swetz

31

is also a "high public official" and is immune from Plaintiff's defamation claim. See Lindner, 677 A.2d at 1198; Montgomery, 140 A.2d at 105; Bell v. Butkovitz, No. 3265, 2017 Phila. Ct. Com. Pl. LEXIS 15, at *6 (C.C.P. Phila. Feb. 21, 2017)(executive director of mayor's fund entitled to high public official immunity).

## III.   CONCLUSION

For any or all of the foregoing reasons, Defendants' motion for summary judgment should be granted.

Respectfully submitted,

s/John G. Dean
John G. Dean
Mark W. Bufalino
**ELLIOTT GREENLEAF & DEAN**
39 Public Square, Suite 1000
Wilkes-Barre, Pa. 18701
(570) 371-5290

Attorneys for Defendants Luzerne County,
Robert C. Lawton and Brian Swetz

DATED:  December 8, 2017

## CERTIFICATE OF SERVICE

I, MARK W. BUFALINO, hereby certify that I have caused to be served this day a true and correct copy of Defendants Luzerne County, Robert C. Lawton and Brian Swetz's brief in support of their motion for summary judgment <u>via</u> electronic filing and <u>via</u> first class mail addressed as follows:

> Michael Yelen, Esquire
> 1000 Citizens Bank Center
> 8 West Market Street
> Wilkes-Barre, Pa. 18701-9588


> s/Mark W. Bufalino
> Mark W. Bufalino

DATED: December 8, 2017

## WORD COUNT CERTIFICATION

In accordance with Local Rule 7.8, the undersigned counsel for Defendants Luzerne County, Robert C. Lawton and Brian Swetz hereby certifies that the foregoing brief in support of Defendants' motion for summary judgment contains less than 8,000 words. I have relied upon the word count feature of the word processing system which indicated that 7,696 words are contained in the foregoing brief.

s/Mark W. Bufalino
Mark W. Bufalino

Attorneys for Defendants Luzerne County, Robert C. Lawton and Brian Swetz

DATED: December 8, 2017