IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA MAGNI,

        Plaintiff,

   v.

COUNTY OF LUZERNE, et al.,

        Defendants.

3:15-CV-1177
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are two interrelated discovery motions in an employment action—Defendants' Motion to Determine the Sufficiency of Plaintiff's Answers to Requests for Admissions, and Plaintiff's Motion to Withdraw or Amend the same. Docs. 70, 74. The two motions are filed in conjunction with each other and involve the same facts and standards of law. In short, Defendants ask the Court to deem certain Requests for Admissions admitted, because Plaintiff's answers to them were untimely. Plaintiff, in turn, does not dispute that her answers are late and that the Requests may be deemed admitted, but asks the Court to allow her to withdraw the admissions—to the extent they are deemed admitted, and file amended answers denying the admissions. For the reasons that follow, the Court will grant Plaintiff's Motion to Withdraw or Amend her Answers; Defendants' Motion to Determine the Sufficiency of Plaintiff's Answers will therefore be dismissed as moot.

1

## II. Procedural History

This case involves claims arising from Plaintiff's termination. Specifically, Plaintiff alleges wrongful discharge, defamation, First Amendment violation and retaliation, and inadequate due process and stigma-plus. Doc. 37. On March 15, 2016, Plaintiff filed her Second Amended Complaint in federal court, which is the operative complaint in this action. *Id.* On July 5, 2016, Defendants served six Requests for Admissions on Plaintiff. Doc. 71 at 4. The Requests all concerned Plaintiff's purported work error in issuing inaccurate W-2 forms to Luzerne County employees during her employment as the deputy director of the County's budget and finance department. *Id.* at 9-10. According to the Federal Rules of Civil Procedure, Plaintiff had thirty days to respond to the Requests or the matters they asserted would be deemed admitted. Fed. R. Civ. P. 36(a)(3). However, Plaintiff did not respond until approximately nine months later, on April 6, 2017, which was also the deadline for close of discovery. *Id.* at 13; *see also* Doc. 65. In her answers, Plaintiff admitted Requests for Admissions numbered 3 and 4, but denied Requests for Admissions numbered 1, 2, 5, and 6 relating to the incident relating to the issuance of inaccurate W-2 forms.[1] *Id.* at 17-18. However, it is undisputed that Defendants had the opportunity to

---

[1] The Requests at issue and Plaintiff's responses are as follows:

1. Plaintiff admits that her job duties with the County included processing and reviewing W-2s. No.

2. Plaintiff admits that she was specifically informed that her primary duty as Deputy Director of the County's Budget and Finance Department was to ensure the timely and accurate completion and distribution of W-2s for the year 2013 in advance of their distribution in January 2014. No.

5. Plaintiff admits that she was aware of inaccuracies in the W-2s before they were issued on January 31, 2014. No.

2

depose Plaintiff on June 17, 2016, and that during her deposition, she was questioned on the same topics as those contained in the Requests for Admissions. Doc. 73 at 2; Doc. 75 at 4-5.

On May 2, 2017, Defendants filed a Motion to Determine Sufficiency of Plaintiff's Answers to Request for Admissions pursuant to Fed. R. Civ. P. 36(a)(6), seeking to have their Requests for Admissions numbered 1, 2, 5, and 6, which were denied by Plaintiff, deemed admitted for failure to respond within 30 days. Doc. 70 at 6. Plaintiff opposed the motion, arguing that while she was late in responding to the Requests for Admissions, Defendants have suffered no real prejudice since they had a chance to depose Plaintiff on June 17, 2016, and "had opportunity to and did already elicit the same information contained in Plaintiff's response to the subject Requests for Admissions." Doc. 73 at 5. In other words, Plaintiff conceded that she was not in compliance with Fed. R. Civ. P. 36(a), but asked the Court to excuse her late response pursuant to Fed. R. Civ. P. 36(b), which permits deemed admissions to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

---

6. Plaintiff admits that she was aware of potential problems with the accuracy of the 2013 W-2s in September 2013. No.
See Doc. 71 at 17-18.

In conjunction with their opposition to Defendants' motion, Plaintiff filed a separate motion to withdraw/amend her answers, to the extent they are deemed admitted, asking that she be allowed "to deny the requested admissions numbered 1, 2, 5, and 6, pursuant to Fed. R. Civ. P. 36(b)." Doc. 74 at 1-2. Defendants filed an opposition to Plaintiff's motion, which is largely repetitive of their reply brief in Defendants' motion to determine the sufficiency of Plaintiff's answers. Doc. 78. Because the motions involve the same facts and legal standards, and the disposition of one will dispose of the other, the Court will consider the two motions together.[2]

### III. ANALYSIS

Rule 36 of the Federal Rules of Civil Procedure permits a party to serve a written request for admissions on any other party. Fed. R. Civ. P. 36(a)(1). If the opposing party does not provide a written answer or objection within thirty days after being served, the request is deemed admitted. Fed. R. Civ. P. 36(a)(3). In addition, the requesting party may also "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.* However, the court may, "on motion, permit[] the admission be withdrawn or admitted...the court may permit withdrawal

---

[2] Subsequent to the filing of the motions at issue, Defendants filed a motion for summary judgment, including a statement of undisputed material facts. Doc. 89. Defendants' statement of facts does not rely on Plaintiff's answers to the Requests at issue, i.e. Requests numbered 1, 2, 5 and 6, though it does rely in part on Plaintiff's answers to Requests numbered 3 and 4, which were admitted by Plaintiff. In addition, Defendants rely substantially on Plaintiff's deposition testimony, documentary evidence, and other witnesses' testimony concerning the W-2 incident. Doc. 91 ¶¶ 30-34.

4

or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, but they are not required to do so." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) (citing *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007)).

This is an action arising from Plaintiff's termination. Doc. 37. A central argument put forth by Defendants is that Plaintiff was not terminated for a pretextual reason, but because she issued inaccurate W-2s to Luzerne County employees. *See, e.g.*, Doc. 78 at 2. In other words, Defendants maintain that Plaintiff was terminated because of the W-2 incident—in fact, Defendants aver that she was terminated on the same day that she issued inaccurate W-2s. *See id.* (stating that Plaintiff was terminated on January 31, 2014, following the issuance of the inaccurate W-2s). The Requests for Admissions at issue, i.e. Requests numbered 1, 2, 5, and 6, all concern the W-2 incident. Yet, Defendants argue that they "bear no relevance or relation to [Plaintiff's] allegations," rather, they "pertain only to Plaintiff's knowledge and awareness of the inaccuracy of W-2 forms…facts which relate to the County Defendants' defenses and not Plaintiffs claims." *Id.* at 7. This argument is nonsensical. Rule 36 explicitly states that withdrawal or amendment of an admission may be permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining *or defending the*

5

*action* on the merits." Fed. R. Civ. P. 36(b). Thus, the Court should look not only to the prejudice to a requesting party's ability to *maintain* an action, but also the prejudice to a requesting party's ability to *defend* the action.

Defendants have also failed to persuasively argue that they would suffer prejudice. The Rule, after all, states that the Court's focus should be toward "promot[ing] the presentation of the merits of the action," and that the prejudice prong should be analyzed with respect to the requesting party's ability to defend the action *"on the merits." Id.* (emphasis added). The admissions go to major factual issues of the case. Thus, allowing Plaintiff to amend her answers, instead of deeming them admitted as a matter of law, would promote the Rule's preference for resolution of the case on the merits. *See Gywnn*, 719 F.3d at 298 ("Upholding the admissions would have significantly interfered with Appellees' ability to present the merits of their case"); *Kegerise v. Susquehanna Twp. Sch. Dist.*, 2017 WL 1078160, at *2 (M.D. Pa. Mar. 22, 2017) ("Rule 36 'is not to be used…in the hope that a party's adversary will simply concede essential elements.'") (quoting *Conlon*, 474 F.3d at 622).

Indeed, there can only be minimal practical prejudice to Defendants in this case, as they had the opportunity to depose Plaintiff on June 17, 2016 and elicited information on the same topics as those of the Requests for Admissions. Doc. 73 at 5, Doc. 78 at 13. Defendants argue that "to permit Plaintiff to withdraw the matters admitted" would be inconsistent with Plaintiff's deposition testimony, where she has already admitted "that

ensuring the accuracy of W-2 forms was part of her duties and that they were not correct...and that she knew that some of the W-2 forms were not accurate prior to distributing them." Doc. 78 at 13 (citing portions of Plaintiff's deposition testimony). Defendants contend that allowing Plaintiff to amend her answers to the Requests "would be akin to a court sanctioned 'sham affidavit.'" *Id.* at 12-13. The Court finds such hyperbolic arguments to be unwarranted. Defendants will still be permitted to draw on admissions Plaintiff made during in her deposition. In fact, they have done so in their pending motion for summary judgment, which was filed subsequent to the two motions at issue. Doc. 91 ¶¶ 30-34 (Defendants' Statement of Undisputed Facts, citing Plaintiff and other witnesses' deposition testimony); *see also* Doc. 94 ¶¶ 30-34 (Plaintiff's response denying the same paragraphs "as stated" and pointing to other, qualifying evidence). Notably, Defendants have not relied on Plaintiff's answer to the Requests numbered 1, 2, 5 and 6 in their motion for summary judgment, nor have they asked for extended discovery to explore the topics further before filing their motion for summary judgment. Defendants' own actions (and inactions) indicate that they have not relied on Plaintiff's answers to their detriment. *See Moore Eye Care, P.C. v. Softcare Sols. Inc.*, 2017 WL 3838657, at *10 (E.D. Pa. Sept. 1, 2017) (granting motion to withdraw admissions in part because requesting party "has not shown that they relied on the supposed admissions at the time that these motions were filed"); *Alers v. City of Philadelphia*, 2009 WL 2776384, at *6 (E.D. Pa. Aug. 26, 2009) (granting motion to withdraw admissions in part because "Plaintiffs have failed to show that

7

they have relied on the supposed admissions at issue to their detriment in this litigation... withdrawal of Defendants' deemed admissions will not render Plaintiffs any less able to prove the admitted matters (i.e., their case)").

Finally, Defendants argue that Plaintiff have not demonstrated good cause for serving a delayed answer. Doc. 75 at 10; Doc. 78 at 14. However, the Third Circuit has instructed that while "[c]ourts may consider other factors...such as whether the moving party can show good cause for the delay, [] they are not required to do so." *Gwynn*, 719 F.3d at 298. Because the central goal of the Federal Rules of Civil Procedure is to promote resolution of the action on the merits, and because Defendants have not shown that they would be prejudiced if Plaintiff were allowed to amend her answers to the Requests in question, Plaintiff will be permitted to withdraw admissions deemed admitted under Rule 36, and have her denials to Requests numbered 1, 2, 5, and 6 deemed timely.

## IV. CONCLUSION

For the reasons outlined above, the Court will grant Plaintiff's Motion to Withdraw or Amend her answers; Defendants' Motion to Determine the Sufficiency of Plaintiff's Answers will therefore be dismissed as moot. A separate Order shall follow.

Robert D. Mariani
United States District Judge